UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NOGARIS DESPAIGNE,**

    **Plaintiff,**

v.                                    CASE NO.:

**G2 SECURE STAFF, L.L.C.**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NOGARIS DESPAIGNE, by and through undersigned counsel, brings this action against Defendant, G2 SECURE STAFF, L.L.C., and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

2. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in  County, Florida.

## PARTIES

3. Plaintiff is a resident of Hillsborough County, Florida, and she worked in Hillsborough County for Defendant.

4. Defendant is a foreign corporation in the business of providing security services to its clients. Defendant provides security services at Tampa International Airport, located in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

5. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

6. At the time of these events, Plaintiff was an employee of Defendant, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

7. Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

8. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

9. Plaintiff has satisfied all conditions precedent, or they have been waived.

10. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

11. Plaintiff requests a jury trial for all issues so triable.

## FACTS

12. Plaintiff began working for Defendant in or around 2005.

13. On or around March 9, 2019, a qualified member of Plaintiff's family suffered from a serious health condition within the meaning of the FMLA. Specifically, Plaintiff's father located in Cuba, suffered from a stroke.

14. On March 9, 10, and 11, 2019, Plaintiff informed Defendant of her need to travel to Cuba and to take FMLA protected leave to care for her father.

15. On or about March 20, 2019, Plaintiff's employment was terminated for her FMLA protected absences.

16. Plaintiff planned to return to work and she attempted to submit proper medical documentation to Defendant in support of her FMLA leave request to care for her father.

17. Plaintiff engaged in protected activity by exercising her FMLA rights.

18. By terminating Plaintiff's employment, Defendant violated Plaintiff's rights under the FMLA.

## COUNT I – FMLA INTERFERENCE

19. Plaintiff realleges and readopts the allegations of paragraphs 1 through 18 of this Complaint, as fully set forth herein.

20. Plaintiff required time off from work to care for a qualifying family member, because Plaintiff's father suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

21. By terminating Plaintiff's employment for Plaintiff's FMLA protected absences from work, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

22. Defendant's actions were willful and done with malice.

23. Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits, or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## **COUNT II – FMLA RETALIATION**

24. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 18 of this Complaint, as fully set forth herein.

25. Plaintiff required time off from work to care for her father, because Plaintiff's father suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

26. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

27. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating her employment.

28. Defendant's actions were willful and done with malice.

29. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    (a) That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

    (b) An injunction restraining continued violation of the FMLA by Defendant ;

    (c) Compensation for lost wages, benefits, and other remuneration;

    (d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C.


§ 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 26th day of April, 2019.

Respectfully submitted,

_____
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: twells@wfclaw.com
**Attorneys for Plaintiff**